**Harry T. KRYNICKY, Jr., Plaintiff,**

v.

**UNIVERSITY OF PITTSBURGH, Wesley W. Posvar, Paul N. Robinson, Rhoten A. Smith, Robert Nossen, Defendants.**

Civ. A. No. 81–263.

United States District Court,
W.D. Pennsylvania.

May 25, 1983.

David F. Megnin, Kittanning, Pa., Marcel L. Groen, Bensalem, Pa., for plaintiff.

James J. Restivo, Jr., Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendants.

## OPINION

WEBER, District Judge.

Plaintiff's complaint alleges that his denial of tenure by the University of Pittsburgh was a violation of his civil and constitutional rights. In our order and opinion of April 5, 1983 we granted summary judgment to defendants on all claims except plaintiff's First Amendment claim under 42 U.S.C. § 1983. We failed to find this claim time-barred by the applicable statute of limitations. (560 F.Supp. 803)

The undisputed facts of the case are fully set forth in the foregoing opinion, and plaintiff does not contest the factual basis of defendants' present motion for summary judgment. The court had suggested to the parties after the disposition of prior motions that the question of state involvement was critical to the plaintiff's cause of action.

This question was brought into sharp focus by decisions of the United States Supreme Court on June 25, 1982 in *Rendell-Baker v. Kohn*, —— U.S. ——, 102 S.Ct. 2764, 73 L.Ed.2d 418; *Blum v. Yaretsky*, —— U.S. ——, 102 S.Ct. 2777, 73 L.Ed.2d 534 and *Lugar v. Edmondson Oil Co., Inc.*, —— U.S. ——, 102 S.Ct. 2744, 73 L.Ed.2d 482.

*Rendell-Baker* held that the school's receipt of state funds, the presence of many state regulations governing the school's operations, and even the performance of a public function of education, do not make the actions of the school state action. This is particularly true of the school's personnel policies, which were not shown to be dominated by the state.

*Rendell-Baker* is most apt with respect to the present action because the plaintiff there, as in the present case, asserted both state action and governmental infringement on a First Amendment right.

On the same day the Court in *Blum v. Yaretsky*, supra held that the receipt of state funds as the source of almost all of

the private institution's income, and the extensive state regulation of private nursing homes by the state, did not make administrative decisions regarding patient transfers "state action" subject to the due process strictures of the Fourteenth Amendment. Similar related cases in the 1982 term come to the same conclusion: *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Lugar v. Edmundson Oil Co.,* —— U.S. ——, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).

The University of Pittsburgh has been before this court before with respect to its status as a state agency. In *Braden v. University of Pittsburgh,* 343 F.Supp. 836 (W.D.Pa.1972) Judge Sorg found that the plaintiff had failed to establish the requisite state relationship, and granted the University's motion to dismiss. The Court of Appeals determined that this conclusion involved a fact finding process and remanded the case to the district court for such proceeding. 477 F.2d 1 (1973). On remand Judge Sorg examined the factual relationship in detail, and based on a "totality of circumstances" he found the action of the University to be "under color of state law, 392 F.Supp. 118, 126 (W.D.Pa.1975). On return to the Court of Appeals, the conclusion was affirmed, 552 F.2d 948, 956 (3d Cir.1977).

In 392 F.Supp. 118 and in 552 F.2d 956, the district court and the Court of Appeals found that the state had exercised no control over the specific personnel policies which were the source of the plaintiff's complaint.

The defendants in moving for summary judgment have supplied an affidavit to the effect that the personnel and tenure policies described in *Braden* are still in effect. The plaintiff does not dispute this fact.

We, therefore, find that the standards employed in the *Braden* case to determine state action are not the present controlling law. The facts of receipt of revenue from the state, membership of state nominees on the University's Board of Trustees, and statutory recognition that the University is part of the state's system of higher educa-

tion, are not sufficient to make the University's employment policies state decisions. The effect of *Rendell-Baker* has already been noted by district courts in this circuit. "... the recent Supreme Court decision of *Rendell-Baker v. Kohn,* supra, has eliminated government funding such as that found in *Braden* as a basis for state action." *Fischer v. Driscoll,* 546 F.Supp. 861, 865 (E.D.Pa.1982, Broderick, J).

The defendants' motion will be granted.